## WARD BAKING CO. v. NEW STANDARD BAKING CO.

### Patent Appeal No. 3306.

Court of Customs and Patent Appeals.
June 12, 1934.

Theodore K. Bryant, of Washington, D. C. (Fish, Richardson & Neave and John Vaughan Groner, all of New York City, of counsel), for appellant.

Charles R. Allen, of Washington, D. C. (Herman A. Wecht, of Philadelphia, Pa., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The New Standard Baking Company filed its application for registration of a trade-mark for use on cake, which trade-mark consists of the words "Mrs. Stard's," on an orange colored, basket weave background claiming continuous use of the mark since February 6, 1931. Thereafter the Ward Baking Company filed notice of opposition, grounding its opposition upon its adoption and use of the names "Ward" and "Ward's," claiming a use of said words as trade-marks in connection with its bakery business, which included the sale of cakes, "for upwards of

eighty years." The opposer showed that said trade-marks, which were registered, had been used in various forms upon a wide variety of bakery products throughout practically the entire United States east of the Mississippi river, and that it was doing a business in connection therewith amounting to $36,000,000, a year for the five years immediately preceding its date of taking testimony.

It is shown in the record that Jacob Roseman, who at one time was with the Standard Baking Company, organized the applicant company, the New Standard Baking Company, and took into the firm a John F. Ward, who became sales manager and treasurer thereof. Mr. Ward, for the company, purchased a recipe for applesauce cake from a Mr. Ackerman. He also attempted to buy a recipe for such a cake from a Mr. Newcastle, which cake had been sold under the name "Mrs. Newcastle." The appellee began selling its cake under the name "Mrs. Ward's Original Applesauce Cake." Roseman and Ward had both been in the bakery business for about twelve years and were fully aware of the Ward Baking Company's products. Upon being notified to discontinue selling its said cake under the latter name, appellee desisted from such practice. Legal counsel advised Roseman "not to get into trouble," and the name "Mrs. Stard's" was adopted and used on "quite a number" of cakes, it being claimed that the "Mrs." was borrowed from the "Mrs. Newcastle" above referred to, and that the term "Stard's" was made up of letters from the word "Standard."

Appellee's petition for registration recites that its trade-mark consists of the words "Mrs. Stard's" displayed on an orange colored, basket weave background. The words are printed in block letters. It is shown that the appellee has caused the words to be used upon the trucks of those who distribute its products in script upon backgrounds of different colors.

Appellant in its notice of opposition relied upon its use of the terms "Ward" and "Ward's" upon bakery products, and set out therein seven of its registered trade-marks. One of such marks was "Ward" for bread; two others consisted of the term "Ward's Fine Cakes" for use on cakes. The marks were printed in plain block type.

After testimony was taken by both parties, the Examiner of Interferences of the United States Patent Office dismissed the opposition, held that there was no likelihood of confusion resulting from the registration and use of appellee's mark, and adjudged that the applicant was entitled to the registration of the mark. Appellant, Ward Baking Company, appealed to the Commissioner of Patents. The commissioner affirmed the decision of the Examiner of Interferences, whereupon the appellant appealed here.

In this court, appellant has urged with great earnestness that the history of the case shows that appellee seeks to profit and expects to profit from its use and registration of its said mark "Mrs. Stard's," by reason of its similarity of sound to appellant's mark, as well as by reason of the similarity of the latter part of the words "Stard's" and "Ward's," and that under our decision in Lever Brothers Co. v. Riodela Chemical Co., 41 F.(2d) 408, 411, 17 C. C. P. A. (Patents) 1272, the motive of the appellee in adopting the mark should be taken into consideration in determining the question of confusing similarity. Appellant has quoted the following from the above-cited Lever Brothers Co. Case: "Of course, if confusion or mistake is not likely to result from the use of the two marks, the motive of the later applicant in adopting its mark cannot affect its right to registration; but if, in the adoption and use of the mark, there be a purpose of confusing the mind of the public as to the origin of the goods to which it is applied, we have a right, in determining the question of likelihood of confusion or mistake, to consider the motive in adopting the mark as indicating an opinion, upon the part of one vitally interested, that confusion or mistake would likely result from use of the mark. After all, the determination of the question of likelihood of confusion or mistake in the use of trade-marks must, as a general rule, be a matter of opinion, and not the result of testimony produced as to the existence or absence of such confusion. Therefore the tribunals of the Patent Office, and this court as a reviewing body, may, in cases where one adopts and uses a mark with the motive of confusing the mind of the public, consider that motive as one of the factors in determining the question of whether use of such mark is likely to cause confusion or mistake in the mind of the public."

It will be noted that the above-announced principle is predicated upon the proposition that the marks must have a confusing similarity. We are of the opinion that the tribunals below arrived at the correct conclusion that the marks of the opposer and of the applicant do not so nearly resemble each other in any of the respects contemplated by the statute that their use by the parties involved upon goods of the same descriptive properties would be likely to cause confusion or mistake

188

in the mind of the public or to deceive purchasers. In so holding we have in mind appellee's use of the mark as it is shown and described in its application for registration. As shown, it is a composite mark consisting of the printed terms "Mrs." and "Stard's" upon the background as described. The only common feature in the mark of the applicant and those of the opposer resides in the latter part of the words "—ard's." We see little in common as to the sound of the two marks.

█ It seems that the argument of the appellant leads to the conclusion that we should take into consideration the probable future conduct of appellee in the use of its mark, and that the record would indicate a tendency to so use its mark, when registered, as to bring about confusion. If appellee uses its mark in such a way as to bring about confusion or mistake, appellant has adequate remedy in the courts of equity. In reviewing the action of the commissioner in granting registration, we are not concerned with this feature of the case.

While it may be urged that the terms "Ward's" and "Stard's" are the dominating features of the marks at bar, and that there is similarity between the dominant features, we do not think there is any confusing similarity when the marks as a whole are considered.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.